IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16cv37MHT-WC |
| | ) | |
| ELDRIDGE A. BURNS and | ) | |
| SANTANDER CONSUMER U.S.A., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1).  On January 15, 2016, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."  Order (Doc. 4).  Subsequently, Plaintiff was granted permission to proceed *in forma pauperis*. Order (Doc. 5).  Service of process was stayed pending the court's obligatory review of Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(e).  *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action).  That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i)-(iii).

Here, *pro se* Plaintiff filed a "Complaint for Injunctive Relief" in an attempt to obtain the following "agency" records from Defendants – the "Company's Surety Bond,

Tax Registration Certificate, Deed of Assignment and Deed of Novation" – for the purposes of "his inspection and/or defense, admissible in court." Pl.'s Compl. (Doc. 1) at 4. Plaintiff requested said information purportedly under the Freedom of Information Act, 5 U.S.C. § 552. *Id*. at 1.

The court has carefully reviewed the allegations in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state any claim for which relief could be granted.

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a

2

cause of action[.]"  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are '"merely consistent with" a defendant's liability,' however, are not facially plausible."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).  As set out below, the undersigned concludes that Plaintiff's complaint fails to withstand such scrutiny.

Plaintiff's claim is predicated on Defendant's failure to provide him with documents pursuant to the Freedom of Information Act ("FOIA").  Established in 1966, FOIA makes government information accessible to the people.  5 U.S.C. § 551.  Under FOIA, certain *agencies of the federal government* have a duty to fully disclose any and all government records, subject to limited exclusions.  *Id*. at §§ 551-52.  This information is made available through publication as a matter of course and to individuals upon request.  *Id*.  Importantly, FOIA does not vest a right for individuals to receive records from private corporations.  5 U.S.C. § 552(f) ("'[A]gency' . . . includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency.")

Here, Plaintiff is requesting that the court order Defendants Santander Consumer U.S.A. and Eldridge A. Burns, in his capacity as "Chief Legal Officer, General Counsel and Secretary" of Santander Consumer U.S.A. ("Santander U.S.A."), to produce certain "agency" records "for [Plaintiff's] inspection and/or defense."  (Doc. 1) at 1.  Plaintiff states that he is an "'alleged' consumer" of Santander U.S.A., and that Santander U.S.A. is "a public agency pursuant to 29 USCS 2611 [sic]."[1]  *Id.* at 1-2.  The remainder of Plaintiff's complaint lists the occasions by which Plaintiff requested information from Defendants, and the dates and reasons why Defendants denied Plaintiff's requests.  *Id*. at 2-5.

---

[1] Twenty-nine U.S.C. § 2611 defines public agencies for the purposes of the Family and Medical Leave Act.

4

The court is not obliged to accept as true Plaintiff's conclusory assertion that Defendant Santander U.S.A. is a "public agency" subject to FOIA. *Ashcroft*, 556 U.S. at 663 (stating that the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements). Other than Plaintiff's citation to the inapplicable Family and Medical Leave Act, Plaintiff cites no authority for his proposition that Defendant Santander U.S.A. is an agency subject to FOIA.[2] Instead, Plaintiff has strung together two unrelated federal statutes in order to reach his conclusory accusation that Defendants are subject to FOIA. Plaintiff does not – and cannot – show that Defendants must comply with FOIA. *See generally Narvaez v. Wilmers*, No. 14-cv-1038, 2015 WL 1396477, at *2 (N.D. Ill. Mar. 24, 2015) (rejecting Plaintiff's claim that he was entitled to documents from private individuals and M&T Bank pursuant to FOIA). Because FOIA does not apply to Defendants, Plaintiff fails to state a claim upon which relief may be granted, and is therefore subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted.[3]

---

[2] In Plaintiff's Exhibit 1, Plaintiff refers to Santander U.S.A. as simply a "debt collector." (Doc. 1-1) at 2.

[3] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend his complaint. The undersigned believes requesting such amendment would be futile because the core of Plaintiff's complaint—that Plaintiff has requested information from a non-governmental agency and has been denied that information for various reasons—are factual allegations which are incapable of

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 7, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 22nd day of February, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE

---

being crafted into viable FOIA claims because FOIA is simply inapplicable to Defendants.  Accordingly, leave to amend Plaintiff's complaint need not be afforded in this instance.  *See, e.g., Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his complaint prior to any dismissal of the complaint.